IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CASE NO: 1:12 CR 589 |
| ) | |
| v. ) | Judge Dan Aaron Polster |
| ) | |
| LAWRENCE DONERSON, ) | |
| ) | |
| Defendant. ) | **OPINION AND ORDER** |
| ) | |

Before the Court is Defendant Lawrence Donerson's Motion for Sentence Reduction (ECF Doc. 382) and his Supplemental Motion for Compassionate Release. ECF Doc. 392. For the following reasons, Donerson's Motions are **DENIED**.

I. **Background**

On January 24, 2014, Donerson pleaded guilty to conspiracy to possess with intent to distribute cocaine. ECF Doc. 237 at 1. He was sentenced to 151 months incarceration, along with three-years supervised release, on December 11, 2014. ECF Doc. 237 at 2-3. Donerson is currently being held at Federal Correctional Institution ("FCI") Terminal Island and has an expected release date of August 23, 2023.[1]

On September 24, 2020, Donerson filed his Motion for Sentence Reduction. ECF Doc. 382. The Court appointed a Federal Public Defender who then filed a Supplemental Motion for Compassionate Release on December 6, 2020. ECF Doc. 392. On December 22, 2020, the United States of America filed a response in opposition. ECF Doc. 397.

---
[1] Federal Bureau of Prisons Inmate Search as of January 27, 2021.

## II. Discussion

### A. Exhaustion

The statute authorizing compassionate release, 18 U.S.C. § 3582(c)(1), dictates that a defendant must first petition the Bureau of Prisons to bring a motion for compassionate release on his or her behalf. 18 U.S.C. § 3582(c)(1). Only after exhausting all possible administrative avenues to appeal a failure of the Bureau of Prisons to bring such a motion, "or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .", may a defendant file a motion for compassionate release with a court. 18 U.S.C. § 3582(c)(1)(A).

Here, Donerson has met the exhaustion requirement. Donerson submitted a request for sentence reduction on July 23, 2020 to Warden Ponce. ECF Doc. 382 at 3. Warden Ponce denied this request on August 12, 2020. *Id.* Upon denial, Donerson waited more than 30 days to file his motion for sentence reduction with the Court. ECF Doc. 382 at 1.

### B. Merits

For a court to grant a sentence reduction under § 3582(c)(1)(A), several requirements must be met when the defendant is younger than 70 years old. § 3582(c)(1)(A). First, a court must find "extraordinary and compelling reasons warrant such a reduction." § 3582(c)(1)(A)(i). Second, a court must find "the defendant is not a danger to the safety of any other person or the community." *United States v. Hardin*, Case No. 1:19 CR 240, 2020 U.S. Dist. LEXIS 90855, at *5 (N.D. Ohio Apr. 7, 2020). Third, a court must deem the reduction appropriate upon consideration of the sentencing factors in 18 U.S.C. § 3553(a). *Id.*

In consideration of the first requirement, Donerson has identified two "extraordinary and compelling" reasons for sentence reduction, given his documented medical conditions of obesity

and asthma. ECF Doc. 392 at 3. The Centers for Disease Control and Prevention ("CDC") has developed two categories of medical conditions that lead to the likelihood of severe outcomes from COVID-19. The first category identifies factors that "definitely" involve greater risk of severe illness. When one of these factors is present, a defendant's ability to provide self-care within the environment of a correctional facility is substantially diminished. ECF Doc. 397 at 5. Obesity is a medical risk factor listed in the CDC's first category. The second CDC category identifies medical risk factors that "might" involve greater risk of severe COVID-19 outcomes. Asthma is included in this second category. Here, the government concedes that Donerson is obese, and that this constitutes an "extraordinary and compelling" medical condition. ECF Doc. 397 at 7. The government also concedes that Donerson has asthma. Id. However, according to his medical records, Donerson was diagnosed with COVID-19 in May 2020 but has since recovered and tested negative. Id. The records do not indicate that Donerson's obesity or asthma led to more severe symptoms of COVID-19. ECF Doc. 397 at 8. Further, the records do not indicate that Donerson suffered any documented symptoms of COVID-19. Id.

Even if Donerson's obesity and asthma constitute "extraordinary and compelling" reasons for sentence modification, a sentence reduction is inappropriate. Donerson has failed to show that he no longer poses a danger to the community. Further, a sentence modification is inappropriate considering the sentencing factors in 18 U.S.C. § 3553(a). When sentencing a defendant, the court already considers the § 3553(a) factors. A motion for compassionate release prompts the court to consider whether to weigh the factors differently due to a change in circumstances. 18 U.S.C. § 3553(a) lists the seven sentencing factors the Court must consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed . . . .;

>    (3) the kinds of sentences available;
>    (4) the kinds of sentence and the sentencing range . . . .;
>    (5) any pertinent policy statement . . . .;
>    (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>    (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).  In general, the factors favor release if a high-risk defendant has less than a year of his or her sentence remaining and is held in a correctional facility with a severe COVID-19 outbreak.  *Hardin*, Case No. 1:19 CR 240, 2020 U.S. Dist. LEXIS 90855, at 10.

Here, Donerson has over two and a half years remaining on his sentence, which was imposed for a serious crime.  Further, while FCI Terminal Island had a severe COVID-19 outbreak earlier in 2020, at present there are only a handful of cases.  ECF Doc. 397 at 2.  Donerson was involved in at least four multi-kilogram shipments of cocaine to Cleveland.  His lengthy prior criminal record indicates multiple violence and drug offenses, qualifying him as a career offender.  Because the § 3553(a) factors do not support granting compassionate release, his motions are DENIED.

### III. Conclusion

For the above reasons, Donerson's Motion for Sentence Reduction (ECF Doc. 382) and his Supplemental Motion for Compassionate Release (ECF Doc. 392) are hereby **DENIED.**

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster*
**Dan Aaron Polster**
**United States District Judge**